CASE 55—PETITION ORDINARY—SEPTEMBER 20.

# Davis vs. Watkins, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

Money, although wrongfully obtained, being produced to the court, is a fund
    in court, and when claimed by more than one party, the court, where
    the pleadings and evidence will justify it, should permit the jury to
    find a general verdict, and order the money to be paid over accord-
    ingly.

WHORTON & BARNETT,                    For Appellant.

BIJUR & BACON,                        For Appellee,
                    CITED—
*Civil Code, section* 42.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The evidence in this record conduces strongly to two
conclusions of fact—1st. That Frankel wrongfully and
fraudulently obtained from the appellant, through his
brother, A. Davis, five hundred dollars, for which Frankel
was liable to the appellant in a proper action to recover
it. 2d. That General Watkins, acting under orders of
General Palmer, compelled Frankel to pay over five hun-
dred dollars to Watkins by the use of force, which Frankel
could not resist without authority of law, and therefore
wrongfully

Watkins being sued by the appellant for the five hun-
·dred dollars as received to the use of the latter, paid it
into court, and thereupon it became the subject of litiga-
tion between the plaintiff and Frankel, who, having been
on his petition made a defendant to the action, claimed

to have the money restored to him because it was wrongfully extorted from him by Watkins.

On the trial the court, on motion of Frankel, instructed the jury peremptorily to find for him, and a verdict and judgment were rendered accordingly; from which this appeal is prosecuted.

Although the evidence conduced to show a right of action in the appellant against Frankel for the recovery of money fraudulently obtained from him, yet it is insisted for the appellee, that as the money in court was obtained by Watkins from Frankel without authority of law, and was not identified by the evidence as being the same money obtained by Frankel from appellant, the peremptory instruction was properly given.

We are of a different opinion. The answer of Frankel to the amended petition, while it controverts the averments of fraudulent and wrongful means used in obtaining the money, does not put the question of the identity of the money in issue, as we construe the answer. But if the question of the identity of the money was raised by the pleadings, and the five hundred dollars in court was not the sum obtained from the appellant, still as it was in the control of the court and subject to its order, and recognized by the pleadings as a fund of money in litigation, and not as specific property merely, it seems to us the court was authorized, in the event of a recovery upon the plaintiff's claim, to order the money to be paid over in satisfaction thereof.

On another ground we think the court erred in instructing the jury to find for the defendant. The petition, as amended, alleges facts constituting a valid cause of action against Frankel for money fraudulently obtained by him of the plaintiff; and without regard to the fund paid into

court by Watkins, the court should, on the evidence be-
fore the jury, at least have permitted the jury to find a
general verdict as to the cause of action thus presented
and put in issue by the answer of Frankel.

Wherefore, the judgment is reversed, and the cause
remanded for a new trial, and for further proceedings not
inconsistent with this opinion.

CASE 56—PETITION ORDINARY—SEPTEMBER 20.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.